UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Keyon Swinton, #378199, | CA:  4:22-00574-JD-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Sgt. Russell and Lt. Level, | |
| Defendants. | |

This is a civil action filed by Eric Keyon Swinton ("Swinton" or "Plaintiff"), a state prisoner.  An order authorizing service as to Defendants Lt. Level ("Level") and Sgt. Russell ("Russell") (collectively "Defendants") was entered on May 11, 2022, and summonses were issued. (DE 23.)  The summonses as to the Defendants were returned unexecuted.  (DE 27, 28.)  The United States Marshal Service ("USMS" or "Marshal") notation on the Form USM-285 indicated Defendant Level could not be served because "Per @ SCDC, return for Matthew-unable to locate." (DE 27.)  The Marshal's notation on the Form USM-285 indicated Defendant Russell could not be served because "Per @ SCDC, unable to locate-too many Russell, needing FN."  (DE 28.)  The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff.  While the USMS is to make reasonable efforts to serve identified defendants, such obligation only arises once an inmate-plaintiff has "properly identify the defendant."  Shirley v. Staubs, 812 F. App'x 162, 163 (4th Cir. 2020); citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) and Richardson v. Johnson, 598 F.3d 734, 738-40 (11th Cir. 2010).

On June 24, 2022, Plaintiff was ordered to provide further identifying information as to Level and Russell.  (DE 30.)  Plaintiff did not respond to the Order and the mail in which the Order was sent was not returned.  Plaintiff was warned: "Plaintiff is hereby warned that if he does not

1

respond to this Order and/or does not provide a new summons and Form USM-285 for Defendants Russell and Level with additional identifying information, Defendants Russell and Level may be dismissed without prejudice." (DE 30.)

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the Court, thus it is presumed that Plaintiff received the Order but has neglected to comply with the Order within the time permitted under the Order. The Court has not received a response from Plaintiff and the time for compliance has passed.

"The Court has inherent power to manage its docket in the interests of justice." Luberda v. Purdue Frederick Corp., No. 4:13-CV-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 *U.S.* 626, 630–31 (1962).

Plaintiff has failed to properly respond to the Order within the time ordered. Plaintiff's lack of response indicates an intent not to prosecute this case and subjects this case to dismissal. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close the file.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

July 27, 2022
Florence, South Carolina